**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2156**

LINDA JEANETTE STONE,

                              Plaintiff - Appellant,

        versus

FREE BRIDGE AUTO SALES, INCORPORATED,

                              Defendant - Appellee.

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville.   B. Waugh Crigler,
Magistrate Judge. (CA-04-87-3)

Submitted:  May 30, 2006              Decided:  June 15, 2006

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henry W. McLaughlin, III, CENTRAL VIRGINIA LEGAL AID SOCIETY, INC.,
Richmond, Virginia, for Appellant.  Jonathan T. Wren, MARTIN &
RAYNOR, P.C., Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Linda Jeanette Stone appeals the district court's grant of summary judgment to Free Bridge Auto Sales, Inc. (Free Bridge) on her claim that Free Bridge violated the Truth In Lending Act (TILA), 15 U.S.C.A. § 1601 et seq. (West 1998 & Supp. 2006). For the reasons that follow, we affirm.

I.

On November 4, 2003, Stone entered into a Retail Installment Sales Contract (Contract) with Free Bridge to finance the purchase of a used 1999 Pontiac Grand Am. The Contract was a preprinted form that Free Bridge obtained from the Virginia Independent Automobile Dealers Association, and it included blanks for information particular to each automobile sale, such as the type and price of the vehicle and financing information. Free Bridge filled in these blanks with information relevant to Stone's purchase. The first clause of the Contract informed Stone that she could buy the Grand Am for cash or credit, with the cash price being listed later in the contract as "Cash Price" and the credit price being listed as the "Total Sale Price." Stone elected to buy the car on credit. The Contract had a "Federal Truth-In-Lending Disclosures" section (TILA section) which informed Stone that she was financing $10,311.12 ("Amount Financed") at an Annual

2

Percentage Rate of 29.9% for a total Finance Charge of $3,692.97 and a Total Sale Price of $14,004.09.

Immediately beneath the TILA section was a section entitled "Itemization of Amount Financed." According to that section, the Amount Financed was the sum of the "Cash Price (including any accessories, services, and taxes)" of $8,998.00 and certain "Other Charges." As relevant to Stone's contract, these Other Charges included a Business License Tax of $14.59, a Title Tax of $274.32, a Transfer Fee of $2.00, a Certificate of Title Fee of $10.00, a Processing Fee of $149.00, and the negative equity of $858.46 for Stone's trade-in.* These Other Charges totaled to $1,308.37, and when added to the Cash Price resulted in a Amount Financed of $10,311.12.

Nearly a year later, on November 3, 2004, Stone filed a civil action against Free Bridge seeking statutory damages for violation of TILA. The gravamen of her complaint was that Free Bridge violated TILA by misrepresenting the Other Charges as part of the Amount Financed when they were actually finance charges. She contended that the Other Charges were finance charges because the Contract stated that the Cash Price included "any accessories, services, and taxes." Stone's complaint alleged that "[b]y

---

*As part of the transaction, Stone traded-in a 1996 Saturn. But Stone owed more for that car than its trade-in value, so Free Bridge added the trade-in's negative equity of $858.46 to the Total Sale Price of the Contract.

advising Stone she could purchase the vehicle for a cash price of $8,995.00 that included all taxes, Free Bridge agreed to include within that $8,995.00" the amount listed in the Other Charges for taxes and processing fees.

The parties filed cross-motions for summary judgment. On September 9, 2005, the district court denied Stone's motion and granted Free Bridge's motion. Stone timely noted an appeal.

II.

We review de novo the grant of summary judgment, "viewing the facts in the light most favorable to the non-moving party." Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 221 (4th Cir. 2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In this case, there is no dispute about material facts. The sole dispute is whether, as a matter of law, the Contract complied with TILA.

Stone contends that the Contract did not comply with TILA because it misrepresented the finance charge. In particular, she argues that because the Cash Price was followed by the parenthetical "including any accessories, services, and taxes," the

4

taxes and fees separately itemized and added to the Cash Price to reach the Amount Financed should have been listed as financing fees.  In her view, if she could have purchased the car for the Cash Price of $8,955.00 and yet paid the credit price of $14,004.09, then the actual finance charge was $5,049.09, not $3,692.97 as listed on the contract.

We do not agree with Stone's reading of the Contract.  In general, contracts must be read as a whole.  Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 625 (4th Cir. 1999) (citing Berry v. Klinger, 300 S.E.2d 792, 796 (Va. 1983).  Although the Contract specified a "Cash Price (including any accessories, services, and taxes)" as $8,995.00, it does not follow that the Cash Price included all services and taxes.  "Any" can mean "one, some, or all indiscriminately of whatever quantity."  Merriam-Webster's Collegiate Dictionary 56 (11th ed. 2004).

When the contract is read as a whole, it is clear that in the phrase "any accessories, services, and taxes," the Contract did not use "any" to mean "all" such charges.  A few lines below that phrase were itemized charges for, inter alia, a business license tax, a title tax, and a processing fee.  Because these taxes and fees were listed separately as Other Charges, it is clear that they were not part of the Cash Price.  Reading the Contract as a whole, we therefore conclude that the most natural reading of "any

5

accessories, services, and taxes" is "any" of those charges that Free Bridge chooses to include within the Cash Price.

Because these Other Charges were not part of the Cash Price for the car, Free Bridge complied with TILA by adding these charges to the Cash Price to determine the Amount Financed. <u>See</u> 15 U.S.C.A. § 1638 (stating that the "Amount Financed . . . shall be computed" by adding to the Cash Price "any charges which are not part of the principal amount of the loan and which are financed by the consumer"). The district court therefore correctly concluded that the Contract did not violate TILA.

III.

For the foregoing reasons, we affirm the district court's grant of summary judgment to Free Bridge. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6